Aeon Steuee, J.
Plaintiff was forced to close his restaurant because the building in which it was located was about to be razed. He has acquired a lease on other premises and is presently engaged in remodeling. He does not expect to be open for business for some months. Meanwhile he has no restaurant employees and does not intend to hire any until the premises are ready for business. The defendant unions are affiliated with the Local Joint Executive Board of Hotel and Restaurant Employees and Bartenders International Union AFL-CIO. They have collective bargaining agreements with practically every major food-serving corporation in the city.
' Defendants are picketing the premises to be opened by plaintiff. The picketing is peaceful and the sole question upon this application is whether there is a labor dispute. This, of course, depends on the object sought to be obtained by the picketing. As to this defendants are very specific, stating their object clearly and also disavow certain other objectives. They seek to have plaintiff hire as his employees persons who are members of their unions on terms equal to the standards of pay, hours and the like which prevail in the places where they have bargaining agreements. They specifically deny that they are seeking to have plaintiff enter into a collective bargaining-agreement. They admit that where there are no employees and that where, consequently, they do not represent anyone that *605 such a contract would have an unlawful effect. It would serve to coerce the persons who were eventually hired and force them, as a condition of obtaining work, to join their unions.
But there is no real distinction between the avowed and disavowed objectives. How else, months ahead of any hiring can they get an enforcible commitment from plaintiff except by means of a contract. And what is the distinction between an agreement which insures that defendant will become the collective bargaining agent and a collective bargaining agreement. If it is unlawful to enter a collective bargaining agreement at this time because it will deprive employees to be hired of a free choice as to their representative, it is equally unlawful to restrict hiring to those who have already made that choice. The distinction is so subtle that it becomes unreal.
In addition defendants urge that if plaintiff engages in interstate commerce the National Labor Relations Board is the only forum that can entertain this application. Admittedly plaintiff is not engaged in interstate commerce at this time. Whether or not he will make purchases from outside the State in such quantities as to be held to be so engaged is a question for the future. This is no quibble. If and when he engages in interstate commerce the situation as regards employees and labor representation will necessarily be so different from what it is today that the considerations which determine this motion would have no application.
Motion granted.